**Anna Del LUENSMANN, Roland Luensmann, and Edna Reininger, Appellants,**

**v.**

**ZIMMER–ZAMPESE & ASSOCIATES, INC. d/b/a River City Raceway, Appellee.**

No. 04–02–00106–CV.

Court of Appeals of Texas, San Antonio.

Feb. 12, 2003.

J. Ken Nunley, William A. Brant and Kelly Putney Rogers, Nunley, Davis, Jolley & Hill, L.L.P., Boerne, for Appellants.

Laura A. Cavaretta and Cathy J. Sheehan, Plunkett & Gibson, Inc, San Antonio, S. Mark Murray, S. Mark Murray, Inc, San Antonio, for Appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice.

Opinion by: CATHERINE STONE, Justice.

This appeal illustrates the tension that often arises when "modern development" occurs in what was once a quiet neighborhood. Anna Luensmann and her husband live in Guadalupe County in a home where Anna has lived since 1947. Edna Reininger lives nearby in a home she has occupied for the last twenty-six years. In May of 1999, Appellee Zimmer–Zampese & Associates, Inc. began constructing a drag racing strip approximately 700 feet from the Luensmann and Reininger homes. Appellants Anna and Roland Luensmann and Edna Reininger ("the Luensmanns") unsuccessfully sought to enjoin construction. River City Raceway now runs up to 200 races on Wednesday, Friday, Saturday, and Sunday nights. The Luensmanns claim that the races are loud and cause vibrations that shake their homes. They claim that lights from the track can be seen miles away and that smoke produced by the cars impedes visibility on the adjoining streets and blows onto their property. However, River City Raceway is not the only source of noise which affects the Luensmanns. Their homes are near a shooting range, railroad tracks, and Interstate 10. Their homes are also near the Zuehl Airport and in the flight path of Randolph Air Force Base. Adding to the noise, a moto-cross track recently opened in the neighborhood.

The Luensmanns sued on theories of nuisance, nuisance per se, and trespass, and obtained a temporary restraining order limiting Zimmer–Zampese's nocturnal operations. At trial, the court granted Zimmer–Zampese's motion for directed verdict on nuisance per se. The jury found that the racing strip was not a nuisance and Zimmer–Zampese did not trespass on the Luensmanns' land. The court entered judgment for Zimmer–Zampese and dissolved the temporary restraining order. On appeal, the Luensmanns claim that the trial court erred in excluding evidence of Penal Code violations, in instructing the jury on negligent nuisance, and in

failing to grant their motion for judgment *non obstante verdicto.* We affirm the judgment of the trial court.

## EXCLUDED EVIDENCE RELATING TO THE DISORDERLY CONDUCT STATUTE

The Luensmanns argue that they pled and proved that the track violated the disorderly conduct statute. Under TEX. PEN.CODE ANN. § 42.01(c)(2), "a noise is presumed to be unreasonable if the noise exceeds a decibel level of 85 after the person making the noise receives notice from a magistrate or peace officer that the noise is a public nuisance." The Luensmanns claim the trial court erroneously denied introduction of the statute itself and of testimony about its presumption of unreasonableness. However, they made no offer of proof at trial. To preserve a complaint about excluded evidence in the absence of an offer of proof, a substantial right of the party must be affected and the substance of the excluded evidence must be apparent from the context. TEX.R. EVID. 103(a)(2).

■■■ The Luensmanns' substantial rights were not affected because exclusion of this evidence was not harmful error. The decision to admit or exclude evidence is reviewed for an abuse of discretion. *See Tex. Dep't of Transp. v. Able,* 35 S.W.3d 608, 617 (Tex.2000). The disorderly conduct statute supplies the presumption that noise louder than 85 decibels is unreasonable. A presumption, however, is not "evidence," and in this case, the trial court correctly ruled against its admission. *See Cliff v. Huggins,* 724 S.W.2d 778, 780 (Tex. 1987). Any weight given to a rebuttable or "bursting bubble" presumption vanishes when evidence to rebut the presumption is introduced. *Id.* Zimmer–Zampese rebutted the presumption of unreasonableness with evidence that even before the track was constructed, noise at the Luensmanns'

property exceeded 85 decibels. After this evidence was introduced, any statutory presumption that Zimmer–Zampese made unreasonable noise vanished. *See Id.* The trial court therefore correctly excluded evidence relating to the statute.

■■■ Additionally, admitting this statute into evidence would have been improper because it may have led the jury to believe that if Zimmer–Zampese violated the criminal statute, it must be found liable. *See* TEX.R. EVID. 403. The Supreme Court has repeatedly stated that criminal statutes do not always represent the standard for civil liability. *See Reeder v. Daniel,* 61 S.W.3d 359, 362 (Tex.2001); *Carter v. William Sommerville & Son, Inc.,* 584 S.W.2d 274, 279 (Tex.1979). The standard for proving a violation of the disorderly conduct statute is different than the standard for proving a nuisance, a nuisance per se, or a trespass. Based on relevancy considerations as well as the rebutted statutory presumption of unreasonableness, the trial court correctly excluded this evidence. Because the evidence was properly excluded, the Luensmanns' argument that their substantial rights were affected is without merit. Since no substantial right has been affected, their first issue is overruled.

## COMPLAINTS REGARDING JUDGMENT AS A MATTER OF LAW

The Luensmanns argue that they were entitled to judgment *non obstante verdicto* on the issue of nuisance per se. Zimmer–Zampese responds that the Luensmanns request relief to which they are not entitled because there was no jury verdict on nuisance per se for the court to set aside. Zimmer–Zampese also claims that the Luensmanns' failure to complain about the directed verdict entered in favor of Zimmer–Zampese waives any complaint relating to the nuisance per se claim. However, the Luensmanns' basic argument is

that the trial court granted judgment as a matter of law to the wrong party. Under TEX.R.APP. P. 38.1(e), "(t)he statement of an issue or point will be treated as fairly covering every subsidiary question that is fairly included." By complaining of the trial court's failure to grant JNOV, the Luensmanns' brief fairly covers the question of whether the court granted judgment as a matter of law to the correct party, and therefore preserves it for review. *See Stephenson v. LeBoeuf,* 16 S.W.3d 829, 843 (Tex.App.-Houston [14th Dist.] 2000, pet denied).

In reviewing a directed verdict, we decide whether there is any evidence of probative value to raise issues of fact on the material questions presented. W. Wendell Hall, *Standards of Review in Texas,* 34 ST. MARY's L.J. 1, 119 (2002), *citing Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 242 (Tex.2001) (per curiam). We view the evidence in the light most favorable to the party suffering the adverse judgment. *S.V. v. R.V.,* 933 S.W.2d 1, 8 (Tex.1996). A directed verdict is proper if: (1) the opponent's pleadings are insufficient to support a judgment; (2) the evidence conclusively proves a fact that establishes a party's right to judgment as a matter of law; or (3) the evidence offered on a cause of action is insufficient to raise an issue of fact. *Rudolph v. ABC Pest Control, Inc.,* 763 S.W.2d 930, 932 (Tex.App.-San Antonio 1989, writ denied).

The parties disagree about the elements required to prove nuisance per se. The Luensmanns believe that nuisance and nuisance per se share the same relationship as negligence and negligence per se. However, a person does not commit nuisance per se simply by violating a statute and causing a nuisance. Instead, the Luensmanns can prove nuisance per se on one of two theories. Because there are no findings of fact and conclusions of law, and because the Luensmanns' pleadings and proof did not advance one theory over another, we will discuss both theories. First, the Luensmanns can prove nuisance per se by proving that the activity was a nuisance at all times, under any circumstances, and in any location. *See Maranatha Temple, Inc. v. Enter. Prods. Co.,* 893 S.W.2d 92, 100 (Tex.App.-Houston [1st Dist.] 1994, writ denied). However, their own pleadings establish that racing is conducted only at night, and then only on certain nights. They have not alleged that the track is a nuisance when it is closed. Therefore, if the trial court based its directed verdict on the "at all times" theory, then the Luensmanns' own pleadings conclusively established Zimmer–Zampese's right to a directed verdict.

The second theory, most often applied in cases involving municipalities, permits a plaintiff to prove nuisance per se by proving a violation of law. *See Newton v. Town of Highland Park,* 282 S.W.2d 266, 277 (Tex.App.-Dallas 1955, writ ref'd n.r.e.). However, violation of a statute or ordinance, without additional evidence of nuisance, is insufficient to prove the claim. *See Maranatha,* 893 S.W.2d at 100. This type of nuisance per se case typically arises when the municipality categorizes a particular activity as a nuisance and forbids it within the jurisdiction. In such a case, the municipality's action is not valid unless the activity was a nuisance per se at common law. *Id.* This court addressed the "violation of law" theory of nuisance per se as it related to a horse racing track and held that the track was not a nuisance per se. *See Otten v. Town of China Grove,* 660 S.W.2d 565, 567 (Tex.App.-San Antonio 1983, writ dism'd).

In *Otten,* this court found that horse racing was not a nuisance per se at common law, even though the illegal gam-

bling allegedly occurring at the track was, because horse racing had not been declared a nuisance by the Legislature and because it was not illegal to race horses. *Id.* Similarly, under the common law, Zimmer–Zampese's drag racing is not a nuisance per se. Drag racing has not been declared a nuisance by the Legislature, and no statute prohibits operation of a drag racing facility. The Luensmanns rely on the disorderly conduct statute to prove a violation of law, but they failed to allege that Zimmer–Zampese has been prosecuted for violating the disorderly conduct statute. Additionally, the statute requires that before a person can violate the disorderly conduct statute, they must be given a warning by a magistrate or peace officer. *See* Tex. Pen.Code Ann. 42.01(a)(5)(Vernon 2002). The record contains no evidence that such a warning has ever been given. Thus, even based on the "violation of law" theory of nuisance per se, the court correctly granted judgment as a matter of law. We therefore overrule the Luensmanns' second issue.

## Complaints About the Court's Charge

■ Next, the Luensmanns raise two complaints of charge error. However, during the charge conference, the Luensmanns' only statement was, "(o)ther than the objections as set out in writing, Your Honor, we have no further objections." As written objections, the Luensmanns' attorney submitted a proposed charge and marked its questions, instructions, and definitions with check marks to indicate whether the requests were granted or denied. This is insufficient to preserve error under either Tex.R.App. P. 33.1 or Tex.R. Civ. P. 274. The Luensmanns' attorney did not inform the court of the complaint so the court could cure it. *See State Dep't of Highways and Pub. Transp. v. Payne,* 838 S.W.2d 235, 240 (Tex.1992). Therefore, the Luensmanns' complaints regard-

ing any possible charge error are waived and their third issue is overruled.

## Sufficiency of the Evidence on Trespass

■ The Luensmanns complain that the jury's finding on trespass is not supported by legally or factually sufficient evidence. In reviewing a legal sufficiency challenge, the court examines the record for evidence that supports the finding and ignores all evidence to the contrary. *Francis,* 46 S.W.3d at 241. If no evidence supports the finding, this court then examines the entire record to decide whether the contrary proposition is established as a matter of law. *Id.* If the contrary proposition is established as a matter of law, then the legal sufficiency challenge will be sustained. *Id.*

■ Because more than a scintilla of evidence supports the jury's findings, the legal insufficiency challenge is overruled. A trespass occurs when there is some entry upon another's land without consent. *R.R. Comm'n of Tex. v. Manziel,* 361 S.W.2d 560, 567 (Tex.1962). Todd Zampese testified that he has never seen smoke from the track on the Luensmanns' property. He also testified that he installed sound-proofing devices at the starting line as well as fourteen-foot fences to prevent noise, smoke, or fumes from entering the Luensmanns' property. Other residents of the Luensmanns' neighborhood testified they have not noticed any smoke. All neighbors except Roland Luensmann testified that the wind generally blows smoke from the track away from their homes. This testimony is more than a scintilla of evidence supporting the jury's finding that Zimmer–Zampese did not trespass onto the Luensmanns' property. *See Francis,* 46 S.W.3d at 241.

The Luensmanns also raise a factual sufficiency complaint. In a factual suffi-

ciency challenge, this court examines the entire record to determine if there is some evidence to support the finding. *Id.* If there is some evidence, this court decides whether the finding is so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Id.*

The evidence set forth in the legal sufficiency analysis likewise applies to the Luensmanns' factual sufficiency claim. That evidence is weighed against contrary evidence to determine whether factually sufficient evidence supports the jury's finding that Zimmer–Zampese did not trespass. *Id.* In their brief, the Luensmanns argue that the wind sometimes blows in the direction of the Luensmanns' property, bringing smoke and fumes from the track with it. Support for this argument came from Roland Luensmann, who testified that the wind only blows from the north on the weekends. The Luensmanns presented another witness who testified that she saw smoke on the Luensmanns' property several times. Finally, the Luensmanns introduced a letter from the Texas Natural Resources Conservation Commission to Zimmer–Zampese notifying it that the smoke and fumes constituted a borderline nuisance. This letter was introduced for notice purposes only, not for the truth of the allegations that smoke or fumes entered the Luensmanns property. *See* TEX.R. EVID. 802.

■ Although there is conflicting evidence on this issue, there is sufficient evidence to support the jury's finding that Zimmer–Zampese did not trespass. That finding was not so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *See Herbert v. Herbert,* 754 S.W.2d 141, 144 (Tex.1988). We therefore overrule the Luensmanns' fourth issue.

### COMPLAINTS REGARDING DENIED INJUNCTION

■ In their final issue, the Luensmanns claim that the trial court abused its discretion in denying their request for injunctive relief. We review the trial court's ruling on applications for injunctions for an abuse of discretion. *See Operation Rescue—Nat'l v. Planned Parenthood of Houston & Southeast Tex., Inc.,* 975 S.W.2d 546, 560 (Tex.1998).

The Luensmanns argue that when a violation of substantive law occurs, the trial court has no discretion and must enjoin the violation. *See Crain v. The Unauthorized Practice of Law Committee of the Supreme Court of Texas,* 11 S.W.3d 328, 332 (Tex.App.-Houston [1st Dist.] 1999, pet. denied). However, the jury found that Zimmer–Zampese did not violate the law, and those findings are supported by legally and factually sufficient evidence. The trial court therefore correctly denied the Luensmanns' request for a permanent injunction.

At oral argument, counsel for the Luensmanns expressed frustration that the trial court granted temporary injunctive relief based in part on evidence that the race track noise exceeds 85 decibels, but then excluded evidence of the disorderly conduct statute and denied permanent injunctive relief. While counsel's frustration is understandable, we are mindful that the evidence at trial clearly permitted the judge to conclude that the noise from other sources—the highway, the train tracks, the shooting range, and the air traffic—exceeded 85 decibels even before the race track began operations. Under the circumstances, the trial court acted within its discretion in determining that permanent injunctive relief was not warranted. *See Walling v. Metcalfe,* 863 S.W.2d 56, 58 (Tex.1993).

The Luensmanns' ability to obtain injunctive relief is further hampered by the fact that the Luensmanns could not establish that they would suffer irreparable injury if the injunction did not issue. *See Stein v. Killough,* 53 S.W.3d 36, 44 (Tex. App.-San Antonio 2001, no pet.) (holding that proof of irreparable injury is required to entitle claimant to permanent injunctive relief). Uncontroverted testimony established that Zampese offered to improve the Luensmanns' fences and to soundproof their windows to prevent smoke and noise from entering their homes. The Luensmanns, however, rejected those offers. By not allowing Zimmer–Zampese to soundproof their windows or improve their fences, the Luensmanns exacerbated their damages. Furthermore, granting an injunction would not solve the noise problem at the Luensmanns' home. Zimmer–Zampese chose the location because I-10, the shooting range, the railroad tracks, and the two airports make it loud. After balancing the equities, we cannot see how the Luensmanns' quality of life would be substantially improved by closing the track, especially in light of the fact that a moto-cross track has opened in the neighborhood since this litigation began. The trial court correctly denied the Luensmanns' request for injunctive relief. The Luensmanns' final issue is therefore overruled.

The judgment of the trial court is affirmed in all respects.