COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MARK BATTISTA AND LALAE BATTISTA, | § | No. 08-09-00221-CV |
| | § | |
| Appellants, | § | Appeal from the |
| | § | |
| v. | § | 394th Judicial District Court |
| | § | |
| | § | of Brewster County, Texas |
| THE CITY OF ALPINE, | § | (TC# 2006-08-B8471-CV) |
| | § | |
| Appellee. | § | |
| | § | |

## **O P I N I O N**

Mark and Lalae Battista appeal from a take nothing summary judgment in favor of the City of Alpine ("the City"). They raise six issues on appeal challenging the trial court's judgment under both the traditional and no-evidence summary judgment standards, and contend that the City is not entitled to the protections of sovereign immunity.

In the fall of 2003, the City hired the contracting firm GSWW, Inc. to design and install a water tank on an acre of land adjacent to Mr. and Mrs. Battista's property line. The City acquired approximately one acre of land specifically to install an elevated water storage tank to serve its residents. In order to access the tank site, the City also acquired an easement on a privately owned dirt road known as "Pearce Road." Part of the water storage project included the installation of two metal culverts under Pearce Road to remedy a long-standing drainage issue. The culverts were intended to divert water under the road in order to reduce damage caused by runoff flowing over the road, and to keep the road passable during in climate weather. All the construction

related to the water storage project was completed in late fall, 2003.

The next summer, the City and surrounding areas experienced some of the heaviest rainfall on record. Shortly after the heavy rains, Mr. and Mrs. Battista notified City officials that their property was being damaged by runoff, which they claimed was being caused by the modifications made to Pearce Road the previous fall. Prior to the Pearce Road modifications, the Battistas claimed their property was subject to "some runoff" from Pearce Road, generally in the form of "small waterfalls." In the summer of 2004, however, the Battistas complained that a potential building site on the south side of their property was now being submerged by runoff. In response to the Battistas' complaints, the City filled in both Pearce Road culverts.

Mr. and Mrs. Battista filed suit against the City and GSWW, Inc. on August 10, 2006. The Battistas alleged that the drainage modifications made to Pearce Road, "forcefully project[ed] the overflow of diverted water onto their land," and further alleged that "from time to time, [the water storage tank] forcefully spews its contents through a culvert installed a few feet from and above the [Battistas'] property, causing still more erosion and damage to [the] property." In their First Amended Petition, which was the live pleading at the time the trial court entered its final judgment, the Battistas raised claims for inverse condemnation, negligence, and violations of the Texas Water Code.[1] The couple also made a claim for declaratory judgment, requested that the City be enjoined from further use of the allegedly damaging overflow system, and be permanently

---

[1] Specifically, the Battistas alleged a violation of Texas Water Code Section 11.086. This section prohibits a person from diverting or impounding the natural flow of surface water in a manner that causes damage to another's property. *See* TEX.WATER CODE ANN. § 11.086(a) (West 2008). The section also provides that a person whose property is damaged by an illegal diversion or impound has "remedies at law and in equity and may recover damages occasioned by the overflow." TEX.WATER CODE ANN. § 11.086(b).

enjoined from future conduct that would prevent the Battistas from restoring and maintaining their property.

The City moved for summary judgment under the traditional and no-evidence standards on all of the Battistas' claims. In part, the City asserted sovereign immunity and limitations defenses under the traditional standard, and challenged three of the essential elements of the Battistas' inverse condemnation claim on no-evidence grounds. The Battistas responded to the City's motion, and also filed their own motion for no-evidence summary judgment on the City's "affirmative defenses." According to the Battistas' motion, the City's summary judgment motion included the following "affirmative defenses;" governmental immunity, a factual defense based on the lack of evidence that drainage from Pearce Road has been altered by the water storage project, contributory negligence by the Battistas, and the Battistas' inability to establish that their property was taken for public use.

In response to these "affirmative defenses" the Battistas moved for summary judgment on the grounds that: (1) there is "no evidence" to support the City's assertion of sovereign immunity; (2) the City cannot establish that construction on Pearce Road did not alter the historical drainage patterns affecting the Battistas' property; (3) the City cannot demonstrate that the Battistas contributed to the damage to their property; and (4) the City cannot establish that it did not take the Battistas' property for public use."

The trial court granted the City's motion by written order on May 6, 2009. In the order, the court made the following findings:

1.  The City of Alpine has governmental immunity from its acts in this lawsuit under the Texas Tort Claims Act as a matter of law and immunity has not been waived.

-3-

2.        The two (2) year statute of limitations period bars [the Battistas']
negligence and Water Code Claims.

3.        [The Battistas'] claims for damages based on inverse condemnation is
DENIED.

4.        [The Battistas] request for declaratory judgment is DENIED.

The court denied all other requested relief, and specified that the Battistas would take nothing from the suit.[2] Following the denial of their motion for new trial, the Battistas filed a notice of appeal challenging the City's take noting summary judgment. In their first issue for review, the Battistas address the trial court's ruling on their claim for inverse condemnation. In Issue Two, the Battistas contend the trial court erred by denying their no-evidence motion on the City's affirmative defenses. In Issue Three, the Battistas challenge the trial court's decision to grant summary judgment on their claims for negligence and violations of the Texas Water Code under the traditional standard. In Issue Four, the Battistas argue the trial court erred by denying their request for declaratory judgment. In Issue Five, the Battistas assert the court erred by dismissing their claim for injunctive relief. Issue Six, presents a global challenge to the summary judgment order.

We begin with the City's assertion of sovereign immunity in response to the Battistas' negligence cause of action, and claims for violations of the Texas Water Code. In Issue Three, the Battistas contend that none of the City's grounds for summary judgment under the traditional standard were sufficient to support the trial court's judgment. The City's "traditional" motion primarily addressed its sovereign immunity defense, and the Battistas' alleged failure to plead

---

[2] GSWW, Inc. was dismissed from the suit pursuant to a settlement agreement, and is not a party to this appeal.

facts sufficient to demonstrate a waiver. As this ground for summary judgment challenged the trial court's subject matter jurisdiction over the Battistas' negligence and water code claims, it constitutes, a plea to the jurisdiction. *See State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009).

A plea to the jurisdiction contests the trial court's subject matter jurisdiction over a case. *Bland Ind. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a court has subject matter jurisdiction is a question of law, which we review *de novo*. *City of El Paso v. Maddox*, 276 S.W.3d 66, 70 (Tex.App.--El Paso 2008, pet. denied). It is the plaintiff's burden to allege facts affirmatively demonstrating the trial court's jurisdiction. *Tex. Assoc. of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). To determine whether the plaintiffs have satisfied their burden, we must consider the allegations in the petition and accept them as true. *Maddox*, 276 S.W.3d at 70. The scope of our review is not limited solely to the pleadings, but may also include evidence when necessary to resolve the jurisdictional issues raised. *Bland*, 34 S.W.3d at 555.

The Texas Tort Claims Act (TTCA) provides a limited waiver of sovereign immunity, permitting certain tort claims to be brought against a governmental unit under certain circumstances. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). As a governmental unit, the City of Alpine is generally immune from the Battistas' negligence and water code claims absent an applicable waiver under the TTCA. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 101.021 (West 2011); *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998). With regard to their tort claims, neither the Battistas' pleadings, nor their summary judgment response raised an arguably applicable basis for waiver under the

TTCA.[3]  As it was the Battistas' burden to establish a waiver of sovereign immunity, and because their pleadings and summary judgment response fail to do so, the summary judgment on their negligence cause of action, and claim for violation of the Texas Water Code was proper, and Issue Three is overruled.

Issues One and Two address cross-motions for summary judgment related to Battistas' inverse condemnation claim.  In the face of cross-motions for summary judgment, we apply the same standards of *de novo* review as when reviewing a trial court's ruling on a singular motion. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).  When the trial court grants one motion and denied the other, we must review consider all the grounds presented by both sides, and in the case of an improper judgment, render the judgment the trial court should have rendered. *Dorsett*, 164 S.W.3d at 661.

A no-evidence motion for summary judgment is essentially a pretrial motion for directed verdict, and we apply the same legal sufficiency standard of review. *Gray v. Woodville Health Care Center*, 225 S.W.3d 613, 616 (Tex.App.--El Paso 2006, pet. denied).  A no-evidence summary judgment movant must specify which essential elements are devoid of evidentiary support. *Aguilar v. Morales*, 162 S.W3d 825, 834 (Tex.App.--El Paso 2005, pet. denied).  The burden then shifts to the non-movant to produce summary judgment evidence raising a genuine issue of material fact regarding each challenged element. *Aguilar*, 162 S.W.3d at 834.  The non-movant meets this burden, by producing more than a mere scintilla of evidence in support of each

---

[3] In their appellate brief, the Battistas' discussion of Issue Three focuses primarily on a series of objections made by the parties to the summary judgment evidence.  While there is no record of any rulings on these objections, the Battistas dedicate a great deal of discussion to whether or not the evidence was sufficient to support summary judgment.  The brief does not discuss an arguable waiver of sovereign immunity under the TTCA.

challenged element. *See Gray*, 225 S.W.3d at 616.

As with any summary judgment ruling, a traditional summary judgment is subject to *de novo* review. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). To succeed on a traditional motion for summary judgment, the movant must establish that there is no genuine issue of material fact so that judgment should be granted as a matter of law. *Diversicare Gen. Partner., Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). If the movant is successful in establishing its right to judgment as a matter of law, the burden then shifts to the non-movant to produce evidence raising a genuine issue of material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). As in a review under the no-evidence standard, the reviewing court will take as true all competent evidence favorable to the non-movant, indulge every reasonable inference, and resolve any doubts in the non-movant's favor. *See Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

Article 1, section 17 of the Texas Constitution provides that "[n]o person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made . . . ." TEX.CONST. art. 1, § 17. Inverse condemnation occurs when property is taken for public use without proper condemnation proceedings, and the property owner attempts to recover some type of compensation for that taking. *Park v. City of San Antonio*, 230 S.W.3d 860, 867 (Tex.App.--El Paso 2007, pet. denied). The essential elements for a cause of action for inverse condemnation are: (1) an intentional governmental act; (2) that resulted in an individual's property being taken, damaged, or destroyed; (3) for public use. *Park*, 230 S.W.3d at 867.

In its no-evidence motion, the City challenged all three essential elements of the inverse condemnation claim. The Battistas' response included evidence addressing the first two elements,

but omitted evidence that the alleged taking was for public use. Therefore, pursuant to the plain language of Texas Rule of Civil Procedure 166a(I), the inverse condemnation claim was properly disposed of by summary judgment due to the Battistas' failure to meet their responsive burden of proof. *See* TEX.R.CIV.P. 166a(I); *Marsaglia v. Univ. of Tex., El Paso*, 22 S.W.3d 1, 3 (Tex.App.-- El Paso 1999, pet. denied). Issue One is overruled.

In Issue Two, the Battistas contend the trial court erred by denying their own no-evidence motion for summary judgment on the City's affirmative defenses. The source of the Battistas' motion is a section within the City's First Amended Answer titled "AFFIRMATIVE DEFENSES." Under this heading the City asserts "defenses" under the doctrine of sovereign immunity, the Texas Tort Claims Act, a factual defense based on the historical drainage patterns related to the Battistas' property, and the statutes of limitation applicable to the Battistas' negligence claim, and claims for water code violations. Under the same heading, the City also asserted, "[the Battistas'] taking claim fails because the City of Alpine did not authorize any taking of [the Battistas'] property for public use."[4] The Battistas' motion for summary judgment purports to challenge these "defenses" on no-evidence grounds, and they contend that by so moving they shifted the burden of proof on these issues to the City. The City responded, primarily, by objecting to the form of the Battistas' motion, and argued that the grounds raised were improper under the no-evidence standard. In their brief to this Court, the Battistas argue that the City failed to raise genuine issues of material fact on these issues in response, and conclude that the trial court erred by denying their motion.

_____

[4] In its brief to this Court, the City admits that the "AFFIRMATIVE DEFENSES" section of its amended answer was improperly named. The City characterizes the "defenses" as mere, "denials of the elements [for] which [the Battistas] had the burden."

-8-

There is no dispute that the burden of proof for all of their claims against the City rested with the Battistas. The Battistas cite no legal authority, and we have been unable to locate precedent to support the notion that a defendant's mis-designation of its legal and factual denials as "affirmative defenses" shifts the burden of proof for a cause of action away from the claimant, and renders the defendant's denials subject to summary judgment under the no-evidence standard. While the no-evidence rule requires an evidentiary response by the non-movant, the motion itself must, first and foremost, be a proper motion in accordance with the rules of civil procedure. *See* TEX.R.CIV.P. 166a(I). A party may not file a no-evidence motion to defeat a claim or defense on which it has the burden of proof. *Thomas v. Omar Invs., Inc.*, 156 S.W.3d 681, 684 (Tex.App.--Dallas 2005, no pet.). Because the Battistas no-evidence motion was an improper attack on claims for which they still held the burden of proof, the trial court properly denied the motion. In addition, because summary judgment was properly granted on the grounds discussed, there is no need to address the alternative bases included in the court's judgment. Issue Two is overruled.

We now turn to the Battistas' claim for declaratory judgment, addressed in Issue Four. As a preliminary matter, we note that the Declaratory Judgment Act may not be used to circumvent the doctrine of sovereign immunity and recover money damages from the state. *See Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855-56 (Tex. 2002). Having determined the trial court lacked jurisdiction over the Battistas' claims for negligence and water code violations, the Battistas cannot revive their tort claims, by reforming them as a request for declaratory judgment. *See City of San Benito v. Ebarb*, 88 S.W.3d 711, 721 (Tex.App.--Corpus Christi 2002, pet. denied). To the extent the declaratory judgment action was so directed, summary judgment was proper.

The remainder of Issue Four requires this Court to determine whether the Battistas' request for declaratory judgment survived the summary judgment disposition of the inverse condemnation claim. The Battistas' request for declaratory judgment, as contained in their First Amended Petition, stated:

> Plaintiff seeks a declaratory judgment, pursuant to Chapter 37 of the Texas Civil Practices [sic] and Remedies Code, declaring that the actions of The City of Alpine are an interference with, and an intrusion upon, the property rights of Plaintiffs and that the City of Alpine has no legal right to invade Plaintiff's property. Plaintiff seeks attorneys' fees pursuant to the Uniform Declaratory Judgments Act.

The stated purpose of the Declaratory Judgments Act is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations . . . ." TEX.CIV.PRAC.&REM.CODE ANN. § 37.002 (West 2008). In this request for declaratory relief, the Battistas do not seek the construction of a statute or city ordinance, rather seek a judicial declaration that their property has been subjected to a governmental taking. This is an improper application of the Declaratory Judgments Act. *See City of Anson v. Harper*, 216 S.W.3d 384, 395 (Tex.App.--Eastland 2006, no pet.). Therefore, the trial court denied the request, and Issue Four is overruled. In addition, having overruled all of the Battistas' issues related to the merits of the summary judgment, we also overrule their global challenge contained in Issue Six.

Issue Five challenges the trial court's order dismissing the Battistas' claim for injunctive relief. An injunction is an equitable remedy, not a cause of action. *Brittingham v. Ayala*, 995 S.W.2d 199, 201 (Tex.App.--San Antonio 1999, pet. denied). A party's right to such relief is dependant on that party's ability to establish a probable right of recovery through another claim or cause of action. *Ayala*, 995 S.W.2d at 201. As the Battistas' underlying claims and causes of

-10-

action were properly disposed of under the doctrine of sovereign immunity and no-evidence summary judgment, there is no probable right of recovery pursuant to those claims, and therefore no basis for injunctive relief. Issue Five is overruled.

Having overruled all of Appellants' issues, we affirm the trial court's judgment.

July 20, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.