**Opinion issued August 4, 2022**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00590-CV

———————————

**JOHN RILEY, Appellant**

**V.**

**TRENT ANGELLE, Appellee**

---

**On Appeal from the 506th District Court**
**Waller County, Texas**
**Trial Court Case No. 17-12-24643**

---

## MEMORANDUM OPINION

In this dispute between owners of adjacent properties, appellant John Riley sued appellee Trent Angelle after Angelle constructed a driveway on a city right-of-way in front of a portion of Riley's property. Riley alleged that this driveway

interfered with his right of access to a city street and created a nuisance. Angelle filed a traditional and no-evidence motion for summary judgment. The trial court granted Angelle's motion and dismissed all Riley's claims with prejudice.

On appeal, Riley argues that the trial court erred by (1) granting the traditional and no-evidence summary judgment motion in favor of Angelle; (2) dismissing Riley's public nuisance claim with prejudice; and (3) and (4) granting summary judgment when Angelle's motion did not address all claims alleged by Riley, including claims for appropriation of a public street that interfered with Riley's right of access, public nuisance, and injunctive relief. We affirm in part and reverse and remand in part.

## Background

The Robertson Subdivision is located in Katy, Texas. Avenue D runs in a north-south direction through the subdivision. A Street runs in an east-west direction from Avenue D. A Street is paved and ends in a cul-de-sac approximately thirty-five feet from the western boundary of the subdivision. The City of Katy owns a sixty-foot right-of-way that encompasses A Street as well as an open ditch on both sides of the street. Angelle owns 5.47 acres of land directly to the west of the Robertson Subdivision. Riley owns Lot 14 of Block 3 in the subdivision. The west side of Riley's lot borders Angelle's lot, and the north side of Riley's lot borders A Street.

Riley's lot is unimproved, and he has no immediate plans to build on this lot. In 2016, Angelle constructed a house on his lot. As part of this construction, Angelle sought two permits from the City of Katy: (1) a permit to place a culvert in the ditch along the cul-de-sac of A Street, and (2) a permit for flatwork to construct a driveway leading from the cul-de-sac onto Angelle's property. The City of Katy granted both permits and directed placement of the culvert, and Angelle constructed the driveway over the culvert. At his property line, Angelle built an electronic gate that was controlled by a keypad. This keypad is located to the left side of the driveway, in the right-of-way for A Street. Also in the right-of-way, Angelle placed a flowerbed and a sprinkler system.

These improvements—the driveway, the flowerbed, sprinklers, and the keypad for the gate—are all located in front of the western portion of Riley's lot. In 2017, Riley filed suit against Angelle,[1] alleging that the improvements materially and substantially impaired access from Riley's lot to A Street. Riley requested that the trial court award him damages or, alternatively, order Angelle to "remove the impairments to access." After Angelle filed special exceptions, Riley amended his petition twice to allege that Angelle interfered with Riley's right of access to A Street and that the improvements created a nuisance. Riley again sought damages and a

---

[1]    Riley also sued the City of Katy. The City filed a plea to the jurisdiction, which the trial court granted. The court signed a severance order, making the ruling on the plea to the jurisdiction a final judgment. The City is not a party to this appeal.

permanent injunction requiring Angelle to restore the right-of-way so that Riley's access to A Street was no longer impeded.

Angelle filed a combined motion for traditional and no-evidence summary judgment. Angelle argued that Riley's suit was unripe because Riley had not attempted to obtain culvert or driveway permits for his lot from the City of Katy. Angelle pointed to hearing testimony from a City of Katy official stating that if Riley applied for permits for a culvert and to construct a driveway on his lot, the City would grant those permits. He argued that Riley had no damages and could not demonstrate any injury.

Angelle also argued that no fact issue existed on whether he intentionally or negligently created a nuisance. He argued that he properly obtained permits to build his driveway, and that the City of Katy directed where the culvert underneath the driveway would be placed. Therefore, he did not intend to cause any nuisance to Riley with the placement of the culvert and driveway. Angelle argued that he owed no duty to Riley, he breached no duty, and no breach of a duty caused Riley any damages.

After Angelle moved for summary judgment, Riley amended his petition and added an additional claim. For the first time, Riley alleged that Angelle used A Street

4

for a private purpose in violation of Transportation Code section 316.021,[2] "because that use of a portion of 'A' Street interferes with the public use of that portion of 'A' Street." He alleged that Angelle's construction on A Street "is a nuisance per se."

Riley also filed a response to Angelle's summary judgment motion. Riley attached numerous exhibits, including an affidavit prepared by his daughter, Elizabeth. Elizabeth averred that she had assisted Riley with managing his properties for years, and she was familiar with Lot 14 and the improvements that Angelle had constructed. She attached several exhibits to her affidavit, including two surveys of Lot 14 and A Street and three pictures of the improvements.

Angelle filed a reply. In addition to responding to Riley's arguments on the merits of the summary judgment, Angelle also objected to Elizabeth's affidavit on several grounds, including lack of personal knowledge, lack of proper foundation for the exhibits attached to the affidavit, reliability, hearsay, and conclusory statements. Riley responded and argued that Elizabeth's affidavit was admissible, but he also provided an amended affidavit.[3]

---

[2]    *See* TEX. TRANSP. CODE § 316.021 (authorizing municipality to permit use of portion of municipal street or sidewalk for private purpose if use does not (1) interfere with public use of street or sidewalk or (2) create dangerous condition on street or sidewalk).

[3]    At the hearing on the summary judgment motion, the trial court "accepted [the amended affidavit] as a person based upon—testifying based upon personal knowledge." The trial court did not address any of the other grounds for Angelle's objections. Angelle raised his objections to Elizabeth's affidavit in his appellee's brief. However, we need not address Angelle's objections because consideration of

5

The trial court signed a written order granting Angelle's summary judgment motion. The court ordered that Riley take nothing on all his claims and dismissed them with prejudice. The order specifically stated that the court dismissed Riley's private and public nuisance claims against Angelle with prejudice. This appeal followed.

## Summary Judgment

Riley challenges the trial court's order granting summary judgment in favor of Angelle. Riley first argues that the trial court erred by granting Angelle's traditional and no-evidence summary judgment motion. In his second issue, he argues that the trial court erred by dismissing his public nuisance claim. Finally, he argues that the trial court erred by dismissing all his claims because Angelle's summary judgment motion did not address all of Riley's alleged causes of action, including his claim for appropriation of a public street, public nuisance, and injunctive relief.

### A.    *Standard of Review*

We review a trial court's summary judgment ruling de novo. *Odyssey 2020 Acad., Inc. v. Galveston Cent. Appraisal Dist.*, 624 S.W.3d 535, 540 (Tex. 2021).

---

Elizabeth's affidavit is not necessary to resolve any of Riley's appellate issues. *See* TEX. R. APP. P. 47.1 (providing that appellate opinion must address "every issue raised and necessary to final disposition of the appeal").

After an adequate time for discovery, a party may move for no-evidence summary judgment. *See* TEX. R. CIV. P. 166a(i). No-evidence summary judgment is proper when there is no evidence of one or more essential elements of a claim or defense on which the adverse party bears the burden of proof at trial. *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021); TEX. R. CIV. P. 166a(i). A proper no-evidence summary judgment motion shifts the burden to the nonmovant to present evidence raising a genuine issue of material fact on each element challenged in the motion. *JLB Builders*, 622 S.W.3d at 864. A no-evidence challenge will be sustained if (1) there is a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

The nonmovant presents more than a scintilla of evidence when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id.* When reviewing a summary judgment ruling, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Hillis v. McCall*, 602 S.W.3d 436, 440 (Tex. 2020) (quoting *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)).

To be entitled to traditional summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and the party is entitled to judgment as a matter of law. *JLB Builders*, 622 S.W.3d at 864; *see* TEX. R. CIV. P. 166a(c). If the moving party carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). As with no-evidence summary judgments, we view the evidence in the light most favorable to the nonmovant. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 551 (Tex. 2019).

Summary judgment may only be granted upon grounds expressly asserted in the summary judgment motion. *G&H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (per curiam); *see* TEX. R. CIV. P. 166a(c); *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013) (per curiam). Generally, it is reversible error for a trial court to grant summary judgment on a claim not addressed in the motion. *G&H Towing*, 347 S.W.3d at 297; *Cooper v. Litton Loan Servicing, LP*, 325 S.W.3d 766, 769 (Tex. App.—Dallas 2010, pet. denied) ("It is well-settled that a summary judgment disposing of claims not addressed in the motion for summary judgment is improper."); *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) ("[F]or example, if a defendant moves for summary judgment on only one of four claims asserted by the plaintiff, but the trial court renders judgment that the plaintiff take nothing on all claims asserted, the judgment is final—erroneous, but final.").

8

Additionally, a summary judgment movant is not entitled to use his reply to amend his motion or raise new and independent grounds for summary judgment. *Yeske v. Piazza Del Arte, Inc.*, 513 S.W.3d 652, 677 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *PAS, Inc. v. Engel*, 350 S.W.3d 602, 609 (Tex. App.—Houston [14th Dist.] 2011, no pet.). This Court has held that when a plaintiff amends his petition to add claims against a summary judgment movant, "the movant may not address the new claims by reply but must instead file an amended or supplemental motion." *Vertex Servs., LLC v. Oceanwide Houston, Inc.*, 583 S.W.3d 841, 852 (Tex. App.—Houston [1st Dist.] 2019, no pet.); *Blancett v. Lagniappe Ventures, Inc.*, 177 S.W.3d 584, 592 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ("[C]laims pleaded after a summary judgment is filed must be addressed by an amended or supplemental motion, not by reply brief.").

## B.     Relevant Law Concerning Public Nuisance, Private Nuisance, and Nuisance Per Se

The common law recognizes claims for both public and private nuisances. Although they are similar, they are distinct conditions that have different requirements. *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 591 n.3 (Tex. 2016). A public nuisance "affects the public at large," while a private nuisance "is a non-trespassory invasion of another's interest in the private use and enjoyment of land." *Goad v. KHBM Partners III, Ltd.*, No. 09-20-00020-CV, 2021 WL 4597083, at *5 (Tex. App.—Beaumont Oct. 7, 2021, no pet.) (mem. op.).

9

A public nuisance is a condition that amounts to an unreasonable interference with a right common to the general public. *Tex. Cent. Partners, LLC v. Grimes Cnty.*, 580 S.W.3d 824, 827 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (quoting *Jamail v. Stoneledge Condo. Owners' Ass'n*, 970 S.W.2d 673, 676 (Tex. App.—Austin 1998, no pet.)); *Lake Travis Indep. Sch. Dist. v. Lovelace*, 243 S.W.3d 244, 255 (Tex. App.—Austin 2007, no pet.). A public nuisance may also be a private nuisance. *Crosstex N. Tex. Pipeline*, 505 S.W.3d at 591 n.3.

In *Crosstex*, the Texas Supreme Court surveyed the development of private nuisance law and clarified that "nuisance" does not refer to a cause of action or to a defendant's conduct or operations. Rather, it refers to the particular type of legal injury that can support a claim or cause of action seeking legal relief. *See id.* at 594. An interference with the use and enjoyment of property qualifies as a nuisance if the condition substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities attempting to use and enjoy the land. *Id.* at 593, 594.

A defendant may be liable for intentionally causing a private nuisance if the plaintiff proves that the defendant intentionally created or maintained a condition that substantially interfered with the plaintiff's use and enjoyment of land. *Id.* at 604–05. To be liable, the defendant must intentionally cause "the interference that

10

constitutes the nuisance," not just intentionally engage in the conduct that causes the interference. *Id.*

A defendant may also be liable for negligently causing a private nuisance, and that claim is "governed by ordinary negligence principles." *Id.* at 607. To recover, the plaintiff must prove not only the familiar elements of the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach, but the plaintiff must also prove that the defendant's negligent conduct "caused a nuisance, which in turn resulted in the plaintiff's damages." *Id.* at 607.

The law also recognizes a cause of action for nuisance per se. Under one theory, a nuisance per se is an act, occupation, or structure that is a nuisance at all times, under any circumstances, and in any location. *Aguilar v. Trujillo*, 162 S.W.3d 839, 851 (Tex. App.—El Paso 2005, pet. denied); *Luensmann v. Zimmer-Zampese & Assocs., Inc.*, 103 S.W.3d 594, 598 (Tex. App.—San Antonio 2003, no pet.); *see also Maranatha Temple, Inc. v. Enter. Prods. Co.*, 893 S.W.2d 92, 100 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (contrasting nuisance per se with nuisance in fact, which is "an act, occupation, or structure that becomes a nuisance by reason of its circumstances or surroundings"). Under another theory, usually involving municipalities, a plaintiff may prove nuisance per se by proving that the defendant violated a statute or ordinance declaring the activity to be a nuisance per se.

*Luensmann*, 103 S.W.3d at 598. However, violation of a statute or ordinance without additional evidence of nuisance is insufficient to prove the claim. *Id.*

## C. *Analysis*

### 1. Relevant Facts and Procedural History

The facts in this case are largely undisputed. Riley and Angelle own adjacent properties in Katy. Riley's property is unimproved, while Angelle has constructed a house on his property. A Street, which ends in a paved cul-de-sac and lies within a right-of-way owned by the City of Katy, is directly north of Riley's lot and directly east of a portion of Angelle's lot. After obtaining permission from the City of Katy, Angelle installed a culvert in a ditch running alongside the cul-de-sac and constructed a driveway leading to his property. The sloped driveway has curbs on each side, and Angelle also added an electronic gate with keypad, a flowerbed, and a sprinkler system. It is undisputed that the driveway, the keypad, the flowerbed, and the sprinkler system are all located in the right-of-way owned by the City of Katy, and they are located directly north of the western portion of Riley's lot.

It is also undisputed that Riley has not applied for culvert or flatwork permits from the City of Katy to construct a driveway on his lot. In his summary judgment response, Riley stated that there are "no immediate plans to construct improvements" on his lot. David Leyendecker, the city engineer for the City of Katy, testified that the landscaping Angelle installed in the right-of-way was subject to the City of

12

Katy's right to request its removal. Leyendecker also testified that a driveway could be constructed on the western portion of Riley's lot, although the curbs on Angelle's driveway and the landscaping would need to be removed. Leyendecker also testified that there was enough room on Riley's property for a driveway to run along the eastern portion of the lot to A Street. Additionally, a driveway could be built that runs along the western portion of the lot before curving across the northern boundary of the property and onto A Street.

At the time Angelle filed his summary judgment motion, Riley's live pleading—his second amended petition—alleged that Angelle's construction of the improvements in the right-of-way interfered with Riley's right to access A Street from his property. Although Riley did not explicitly label it as such, this is a cause of action for public nuisance. *See Tex. Cent. Partners*, 580 S.W.3d at 827 (stating that public nuisance is "a condition that amounts to 'an unreasonable interference with a right common to the general public'"); *Jamail*, 970 S.W.2d at 676 (noting that "[a]n impediment in a public way may constitute a nuisance"); *Quanah Acme & P. Ry. Co. v. Swearingen*, 4 S.W.2d 136, 139 (Tex. App.—Amarillo 1927, writ ref'd) (stating that unauthorized obstruction which unnecessarily impedes access to public highway is public nuisance). Riley also alleged that the improvements created "a nuisance, which nuisance was intentionally created or, in the alternative, was negligently created." Thus, he also asserted a claim for private nuisance. *See*

13

*Crosstex N. Tex. Pipeline*, 505 S.W.3d at 604–07 (stating that plaintiff may seek to hold defendant liable for intentionally or negligently creating nuisance).

Angelle moved for summary judgment "on Plaintiff's claim for private nuisance (intentional and negligent)." In addition to raising arguments that Riley's suit was premature because he had not attempted to obtain permits from the City of Katy to construct a driveway on his own property, Angelle argued that no fact issue existed on whether his actions intentionally or negligently created a nuisance. Angelle also raised a no-evidence argument with respect to whether he intentionally or negligently created a nuisance. Among other things, Angelle argued that Riley had not suffered an injury or damages and that no breach of duty on his part proximately caused any damage to Riley. Angelle did not address Riley's claim for public nuisance.

After Angelle moved for summary judgment, Riley amended his petition two more times. In his fourth amended petition, the most recent petition, Riley alleged that the improvements interfered with his right of access to A Street and Angelle "appropriated the public street for his private purposes." Riley alleged that the improvements created a nuisance, which was "intentionally created or, in the alternative, was negligently created." He also alleged, for the first time, that Angelle used A Street for a private purpose, which violated Transportation Code section 316.201 "because that use of a portion of 'A' Street interferes with the public use of

14

that portion of 'A' Street." He alleged, "The construction by Defendant Angelle on 'A' Street is a nuisance per se." Shortly after he amended his petition, Riley responded to Angelle's summary judgment motion.

Angelle did not file an amended summary judgment motion after Riley amended his pleadings, but he did file a summary judgment reply. He argued, in part, that he did not appropriate A Street for his own use because the City of Katy acted within its police powers and granted him permits to build the driveway. He also argued that, as owners of property adjacent to A Street, both he and Riley had rights of access to the street and Riley "could have a way to 'A' Street if he would just file for a permit and be told where to put his culvert." Finally, he argued that there was "no existing nuisance" because Riley could access A Street in ways other than using the western portion of his property; Riley could not specify any damages that he had suffered; and Riley had no immediate plans to improve his lot.

The trial court ordered that Riley "take nothing on all his claims against" Angelle and dismissed "all of [Riley's] causes of action against" Angelle with prejudice. The court then specifically dismissed Riley's private nuisance and public nuisance claims with prejudice.

### 2. Private Nuisance

It is undisputed that Riley asserted a claim for private nuisance, alleging that Angelle's construction of the improvements either intentionally or negligently

created a nuisance. It is also undisputed that Angelle addressed this claim in his summary judgment motion. Angelle expressly stated that he was moving for traditional and no-evidence summary judgment on "Plaintiff's claim for private nuisance (intentional and negligent)," and he argued that Riley could not demonstrate that a fact issue existed on either intentional or negligent private nuisance, nor could Riley present any evidence that Angelle acted intentionally or negligently.

In his response to Angelle's summary judgment motion, Riley stated that this case "is a public nuisance case." He acknowledged that Angelle had cited *Crosstex* in his summary judgment motion, but he stated that *Crosstex* "reviews the proof necessary in a case alleging a 'private nuisance'" while the case brought by Riley "involves the appropriation by a private individual of a public street and, thus, involves a public nuisance." Riley stated:

> However, *Crosstex N. Tex. Pipeline, L.P. v. Gardiner* is inapplicable because this case, in all aspects, concerns the use of a public street resulting in a public nuisance, rather than a private nuisance. Further, proof of intent or negligence is not necessary because the cases support the proposition that obstruction of a public street is a "nuisance per se", which means that there is no necessity to prove that the actions of Defendant Angelle were intentional or negligent.

Although Riley then argued that there was some evidence that Angelle acted either intentionally or negligently in constructing the improvements on the right-of-way, he also stated that "none of the claims concerning the private nuisance matter,

16

because this is not a private nuisance case. The case is a public nuisance case because it involves the use of a public street by an individual which has caused interference in the use of the street and access to Riley Lot 14." In a later summary judgment filing, Riley again stated, "All of the evidence indicates that this is a public nuisance case."

We agree with Angelle that Riley, through his repeated statements in his summary judgment filings, effectively abandoned his cause of action for private nuisance. *Cf.* TEX. R. CIV. P. 165 ("A party who abandons any part of his claim or defense, as contained in the pleadings, may have that fact entered of record, so as to show that the matters therein were not tried.").

We overrule the portion of Riley's first issue concerning granting of summary judgment on his private nuisance claim.

### 3. Public Nuisance and Nuisance Per Se

Riley also asserted a cause of action against Angelle for interfering with his right of access to A Street. This is a claim for public nuisance.

In its order granting Angelle's motion for summary judgment, the trial court expressly stated that Riley's public nuisance claim against Angelle was dismissed with prejudice. Angelle, however, did not move for summary judgment on Riley's public nuisance claim. Instead, his summary judgment motion only challenged Riley's claim for private nuisance without addressing the elements of a public

17

nuisance claim. Although Angelle argued in his summary judgment reply that there was "no existing nuisance" and that he had not unreasonably interfered with Riley's access to A Street, a summary judgment movant may not use a reply to amend his summary judgment motion or add new and independent grounds for summary judgment. *See Yeske*, 513 S.W.3d at 677; *PAS, Inc.*, 350 S.W.3d at 609.

It is well-settled that a summary judgment order that disposes of claims not addressed in the summary judgment motion is improper. *See G&H Towing*, 347 S.W.3d at 297; *Cooper*, 325 S.W.3d at 769; *see also McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993) ("[A] motion for summary judgment must itself expressly present the grounds upon which it is made. A motion must stand or fall on the grounds expressly presented in the motion."). Thus, by granting summary judgment on Riley's public nuisance claim when this claim was not mentioned in Angelle's summary judgment motion, the trial court erred.

Additionally, after Angelle moved for summary judgment, Riley amended his petition and alleged:

> Further, the use of "A" Street by Defendant Angelle for a private purpose violates TEX. TRANSP. CODE § 316.021, because that use of a portion of "A" Street interferes with the public use of that portion of "A" Street. The construction by Defendant Angelle on "A" Street is a nuisance per se.

Angelle did not file an amended or supplemental summary judgment motion to address Riley's nuisance per se claim. He did, however, state in his reply that he did

not appropriate A Street for his own private use because he utilized the "proper channels" for getting a permit for his driveway from the City of Katy, which acted within its police powers in granting the permit. The trial court did not specifically mention this claim in its summary judgment order, but it did dismiss "all of [Riley's] causes of action" against Angelle with prejudice.

We cannot consider Angelle's argument in his summary judgment reply that he did not appropriate A Street for his private use. When Riley amended his petition to add a cause of action for nuisance per se, the proper procedure for Angelle to follow was to file an amended or supplemental summary judgment motion addressing the newly added cause of action. *See Vertex Servs.*, 583 S.W.3d at 852 (stating that when plaintiff amends petition to add claims against summary-judgment movant, movant may not address new claims by reply but must instead file amended or supplemental motion); *Blancett*, 177 S.W.3d at 592 ("[C]laims pleaded after a summary judgment is filed must be addressed by an amended or supplemental motion, not by reply brief."). Angelle did not do so.

Because Angelle did not file an amended or supplemental summary judgment motion addressing Riley's newly added nuisance per se claim, the trial court erred by granting summary judgment on this unchallenged claim. *See G&H Towing*, 347 S.W.3d at 297; *Cooper*, 325 S.W.3d at 769.

19

We sustain Riley's second issue and the portions of his first, third, and fourth issues concerning the propriety of summary judgment on his public nuisance and nuisance per se claims.[4]

**Conclusion**

We affirm the portion of the trial court's judgment granting summary judgment in favor of Angelle on Riley's claim for private nuisance. We reverse the portion of the trial court's judgment granting summary judgment on Riley's public nuisance and nuisance per se claims, and we remand these claims for further proceedings.

April L. Farris
Justice

Panel consists of Justices Goodman, Rivas-Molloy, and Farris.

---

[4] We agree with Angelle that Riley's request for injunctive relief is not a separate cause of action from his nuisance claims. *See Battista v. City of Alpine*, 345 S.W.3d 769, 776 (Tex. App.—El Paso 2011, no pet.). Instead, injunctive relief is an equitable remedy, and a party's right to such relief is dependent on his ability to establish a probable right of recovery through another claim or cause of action. *Id.* However, because we are remanding Riley's public nuisance and nuisance per se claims for further proceedings, injunctive relief remains a viable remedy if Riley can establish that he is entitled to recovery on those claims.