**Jay Sandon COOPER, Appellant,**

**v.**

**LITTON LOAN SERVICING, LP and JP Morgan Chase Bank, N.A., As Trustee, Appellees.**

No. 05–08–01056–CV.

Court of Appeals of Texas, Dallas.

July 22, 2010.

Rehearing Overruled Nov. 16, 2010.

Jay Sandon Cooper, Plano, TX, pro se.

Michael J. McKleroy, Jr., Robert F. Maris, Maris & Lanier, P.C., Dallas, TX, for Appellees.

Before Justices MORRIS, MOSELEY, and LANG.

## OPINION

Opinion By Justice MORRIS.

This is an appeal from a final summary judgment dismissing with prejudice Jay Sandon Cooper's lawsuit against Litton Loan Servicing, LP and JP Morgan Chase Bank, N.A., as Trustee. Representing himself without an attorney in this appeal, appellant presents three issues. He contends that the trial court incorrectly disposed of claims not included in appellees'

motions for summary judgment, summary judgment was improper because fact issues existed, and the trial court erred by not considering his response to the motions for summary judgment and his motions for new trial. For the reasons that follow, we affirm the trial court's judgment.

## I.

Appellant filed this lawsuit seeking to enjoin the foreclosure of a mortgage loan on his home located in Plano, Texas. Appellant asserted various causes of action against appellees including breach of contract, violations of the Fair Credit Protection Act, multiple breaches of the duty of good faith and fair dealing, violations of the Fair Debt Collection Act, common law and statutory fraud, usury, and intentional infliction of emotional distress. In addition to damages, appellant also sought injunctive and declaratory relief. Appellees removed the case to federal court. Among other things, the federal district judge dismissed appellant's claims under the Fair Credit Protection Act as barred by limitations.[1] The federal court then remanded appellant's remaining claims against Litton and JP Morgan Chase to the state court for disposition.[2]

After the remand, Litton and JP Morgan Chase filed no-evidence and traditional motions for summary judgment on the remaining claims against them. Appellant filed a response to the summary judgment motions date-stamped June 10, 2008, the date of the summary judgment hearing. Appellant's response incorporated his verified original petition and documents attached to it as evidence in opposition to summary judgment. Attached to the response was appellant's declaration stating that the facts set forth in the original petition and in his response were, within his personal knowledge, true and correct. The declaration also stated that the documents attached to appellant's original petition were, within his personal knowledge, true and accurate copies of the documents they purport to be.[3] This was the only written response appellant presented to the trial court in support of his claims.[4] On June 10, 2008, the trial court signed a "Final Summary Judgment" specifically granting "the objections filed by Defendants to any untimely filed summary judgment response and/or summary judgment evidence filed by Plaintiff," granting appellees' motions for summary judgment, and dismissing with prejudice appellant's claims against appellees. This appeal followed.

## II.

Before addressing the merits of appellant's appeal, we begin with appellees' contention that this court lacks subject matter jurisdiction because appellant failed to timely file his notice of appeal. We have previously addressed the timeliness of appellant's notice of appeal in connection

1. The federal judge ruled that these claims were more properly construed as claims under the Truth in Lending Act and, thus, barred by the applicable statute of limitations.

2. Barrett, Burke, Wilson, Castle, Daffin & Frappier, LLP, and Greg Bertrand, Keith Smiley, and R.H. Patterson, Substitute Trustees, were named as defendants below but are not parties to this appeal, having been dismissed from appellant's lawsuit after the case was removed to federal court.

3. Appellant's former wife also executed a similar declaration.

4. Appellant's response also included excerpts from the testimony of Linda Joy Farr in another lawsuit to support his objection to Farr's affidavit that was submitted in support of appellees' traditional motion for summary judgment.

with appellant's August 4, 2008 motion to extend time to file his notice of appeal, which we granted on September 11, 2008. Having thoroughly reviewed the record and appellees' arguments, we decline to revisit our determination declaring appellant's notice of appeal timely filed. Accordingly, we reject appellees' challenge to our exercise of jurisdiction over this appeal.

■■■ In his first issue, appellant contends the trial court's judgment erroneously disposed of claims that were not addressed in appellees' summary judgment motions. At oral argument, appellant specifically complained about his causes of action for concealment, fraud by non-disclosure, improper acceleration, and violations of the Fair Credit Protection Act. It is well-settled that a summary judgment disposing of claims not addressed in the motion for summary judgment is improper. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 200 (Tex.2001).

■■■ As noted above, however, before appellees filed their summary judgment motions, appellant's claims under the Fair Credit Protection Act had been dismissed by the federal court as barred by limitations. As such, these claims were not before the trial court after the remand from federal court. Similarly, after reviewing appellant's original petition, it is clear that his claims for fraud by non-disclosure or concealment and improper

acceleration were but specific theories advanced to support appellant's cause of action for breach of the duty of good faith and fair dealing.[5] In the paragraphs addressing these theories, appellant's original petition states that "the special relationship between the parties" created "a duty to deal fairly and in good faith" with appellant. In their no-evidence and traditional motions for summary judgments, appellees specifically addressed appellant's claims for breach of the duty of good faith and fair dealing. Among other things, appellees' motions noted the absence of the special relationship element necessary before a duty of good faith and fair dealing can be imposed and challenged appellant to produce summary judgment evidence of a special relationship between him and appellees. Accordingly, we reject appellant's contention that these claims were not included in appellees' summary judgment motions.

■■■ Under this issue, appellant also contends the trial court did not consider his request for a permanent injunction. A permanent injunction is not a cause of action but an equitable remedy. *Brittingham v. Ayala*, 995 S.W.2d 199, 201 (Tex. App.-San Antonio 1999, pet. denied). To obtain an injunction a party must first assert a cause of action. *Id.* Thus, appellees were not required to specifically address appellant's request for a permanent injunction in their summary judgment motions but only those causes of actions upon

---

5. These causes of action were identified in the original petition as "Breach of Duty of Good Faith and Fair Dealing (notice)/Fraud by Nondisclosure or Fraudulent Concealment" and "Breach of Duty of Good Faith and Fair Dealing (improper acceleration); or in the alternative Wrongful Declaration of Default and Acceleration." To the extent appellant's argument can be construed to assert that "Wrongful Declaration of Default and Acceleration" is a distinct and separate cause of action from "Breach of Duty of Good Faith and Fair Dealing (improper acceleration)," we note that appellees' motions for summary judgment specifically asserted that they did not breach the contract by declaring the loan in default and accelerating the loan after the default was not cured. Moreover, their no-evidence summary judgment motions specifically requested that appellant present summary judgment evidence supporting his contention that he had made all required payments due under the contract and was not in default.

which appellant's request for injunctive relief was based. As noted above, appellees' motions specifically addressed all causes of action upon which appellant based his request for a permanent injunction. Because we are satisfied that the trial court's judgment only disposed of claims that were addressed in appellees' summary judgment motions, we resolve appellant's first issue against him.

■ We next address appellant's third issue in which he contends the trial court erred in granting appellees summary judgment based upon his failure to file a timely response. Appellant argues that his summary judgment response was timely under the mailbox rule found in Texas Rule of Civil Procedure 5. *See* Tex.R. Civ. P. 5. The mailbox rule applies to responses to motions for summary judgment, deeming them timely filed if sent to the proper clerk by first class United States mail on the seventh day before the hearing and received by the clerk not more than ten days after its due date. *See Landers v. State Farm Lloyds,* 257 S.W.3d 740, 745 (Tex.App.-Houston [1st Dist.] 2008, no pet.).

As is normal, our record contains no reporter's record of the summary judgment hearing. Nor does it contain appellees' objections to appellant's summary judgment response and summary judgment evidence.[6] To the extent that appellant relies on his certifications of mailing contained in his summary judgment response and appendix to establish the timeliness of his filings, we note that the certifications merely state that appellant served appellees with the documents on June 3, 2008. Neither the certifications nor the record establish the manner of service on appellees or the method used to present the documents to the clerk for filing. As such, appellant has not established his compliance with the mailbox rule or the timely filing of his summary judgment response.

Based on the record before us, appellant's response was untimely filed with the trial court on June 10, 2008, the day of the summary judgment hearing. Summary judgment responses and evidence may be filed late but only with leave of court. *Id.* Because appellant's response was not timely and there is no indication in the record that appellant requested or was granted leave to file a late response, appellant's untimely response was not properly before the court. Accordingly, the trial court did not err in granting appellees' summary judgment without considering appellant's untimely response. *See id.*

■ Under his third issue, appellant also asserts the trial court erred in not considering or ruling on his motions for new trial.[7] The trial court signed the summary judgment on June 10, 2008. Appellant was therefore required to file his motion for new trial by July 10, 2008. *See* Tex.R. Civ. P. 329b(a). The record reveals that appellant's motions were not filed with the clerk until August 1, 2008. And there is nothing in the record that supports appellant's contention that his motions for new trial were timely filed under the mailbox rule. Because appellant's motions for new trial were not timely filed, appellant is unable to show any error in

---

6. The summary judgment order indicated that the trial court granted appellees' objections to "any untimely filed summary judgment response and/or summary judgment evidence filed by [appellant]."

7. Appellant actually filed three motions for new trial—a separate motion for each of the appellees' no-evidence summary judgment motions and a motion for new trial on appellees' combined traditional summary judgment motion.

connection with the trial court's failure to consider or rule on the motions. We resolve appellant's third issue against him.

Our disposition of appellant's third issue makes it unnecessary to address appellant's second issue in which he argues that summary judgment is improper because fact issues existed. Where, as here, a party files a no-evidence summary judgment motion complying with Rule 166a(i), the trial court must grant summary judgment absent a timely and legally adequate response by the opposing party. *See Kalyanaram v. Univ. of Tex. System*, 230 S.W.3d 921, 924–25 (Tex.App.-Dallas 2007, pet. denied). Because appellant failed to file a timely response to appellees' no-evidence summary judgment motions, the trial court did not err in granting summary judgment in favor of appellees. *See id.*

To the extent appellant contends appellees' own summary judgment proof and pleadings created fact issues making summary judgment improper, such an argument is only applicable to traditional motions for summary judgment. *See Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 71 (Tex.App.-Austin 1998, no pet.). Having already concluded that the trial court properly rendered judgment based on appellees' no-evidence motions for summary judgment, we need not address appellant's challenges to appellees' traditional motion for summary judgment. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004) (appellate court reviews no-evidence summary judgment before addressing traditional summary judgment).

We affirm the trial court's judgment.