

**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**

ORDER

Appellate case name:  Clay Ammerman and Erin Ammerman v. Johnny Wilson and Angela Wilson

Appellate case number:  01-17-00448-CV

Trial court case number:  16-01-23529

Trial court:      506th District Court of Waller County

On June 14, 2017, appellants, Clay and Erin Ammerman, filed a notice of appeal from the trial court's order, signed on May 16, 2017, granting appellees Johnny and Angela Wilsons' traditional motion for summary judgment under the Texas Uniform Declaratory Judgments Act.[1] *See* TEX. R. APP. 26.1. On November 16, 2017, appellants filed their appellate brief.

On December 11, 2017, appellees, Johnny and Angela Wilson, filed this opposed motion to abate appeal. Appellees note that the trial court had previously granted summary judgment for the appellees on July 6, 2016, which had disposed of the appellants' claims for declaratory judgment and breach of contract. Later, the trial court granted the appellees' affirmative claims, on May 16, 2017, against appellants for their breach of contract and declaratory judgment claims. Appellees seek abatement because the trial court did not explicitly rule on appellants' application for permanent injunction and the trial court should be allowed to clarify with a final

---

[1] The notice also stated that appellants were appealing from the order granting defendants' second traditional motion for summary judgment, signed on November 21, 2016, which dismissed all of the appellants' claims against defendants, the Ranches of Clear Creek Community Association, Inc., and the Ranches of Clear Creek Architectural Review Committee ("Clear Creek Defendants"). Appellants filed an earlier notice of appeal on January 3, 2017, from the order, signed on December 13, 2016, granting severance of the Clear Creek Defendants' claims from the Wilsons. That appeal was assigned to appellate cause number 01-17-00015-CV. Appellants' notice of appeal in this case contends that because the Wilsons were the only remaining defendants after severing the Clear Creek Defendants, the May 16, 2017 order was a final judgment.

judgment denying this claim. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001); (citing TEX. R. APP. P. 27.2) ("If the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court."); TEX. R. APP. P. 27.3.

However, "[a] permanent injunction is an equitable remedy for some other cause of action and requires a liability finding after a final hearing on the merits." *Livingston v. Livingston*, No. 01-16-00127-CV, 2017 WL 4171903, at *11 (Tex. App.—Houston [1st Dist.] Sept. 21, 2017, no pet.) ("A permanent injunction cannot be granted absent a finding of liability on some underlying cause of action.") (internal quotation marks and citations omitted). A "permanent injunction is not a cause of action but an equitable remedy." *Cooper v. Litton Loan Servicing, LP*, 325 S.W.3d 766, 769 (Tex. App.—Dallas 2010, no pet.) (citation omitted). Thus, a request for a permanent injunction is not a cause of action, but ancillary relief to the declaratory judgment claim, which was denied by the May 16, 2017 order, making it a final judgment. *See Lehmann*, 39 S.W.3d at 206.

Accordingly, appellees' motion to abate is **denied**.

It is so ORDERED.

Judge's signature: /s/ Evelyn V. Keyes

        ☑ Acting individually    ☐ Acting for the Court

Date: December 21, 2017