

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00697-CV

**IN THE ESTATE OF** June Magdeline **BREWER**

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CVOC-16-0000213
Honorable M. Rex Emerson, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:          Karen Angelini, Justice
                  Luz Elena D. Chapa, Justice
                  Irene Rios, Justice

Delivered and Filed: December 27, 2018

AFFIRMED

Terry June Abbott ("Terry") appeals from the summary judgment granted in favor of
Thomas Wesley Abbott ("Thomas"). On appeal, Terry argues the trial judge erred in preventing
her from presenting evidence and in not exercising "his authority to postpone the summary hearing
until at such time [her] substantial and preponderance of evidence could be formally presented to
[the judge] and opposing counsel." We affirm the judgment of the trial court.

### BACKGROUND

Siblings Terry and Thomas are the children of June Magdeline Brewer, who passed away
on May 13, 2016 at the age of eighty-three. On May 24, 2016, Thomas filed an application to
probate the will of his mother as a muniment of title and provided a will dated April 22, 2015.
Terry then filed an opposition to Thomas's application, alleging that the April 22, 2015 will was

invalid due to lack of testamentary capacity and undue influence. Terry also alleged that Thomas had breached his fiduciary duty to the decedent.

On August 29, 2017, Thomas filed no-evidence and traditional motions for summary judgment. In his no-evidence motion for summary judgment, Thomas argued Terry did not have evidence that (1) the decedent lacked testamentary capacity, (2) Thomas exerted undue influence over the decedent in the execution of the will, and (3) Thomas breached a fiduciary duty to the decedent. In his traditional motion for summary judgment, Thomas argued that (1) the testator was of sound mind at the time the will was executed, (2) the will was not procured due to undue influence, and (3) Thomas did not breach a fiduciary duty to his mother. As evidence to support his traditional motion for summary judgment, Thomas attached his mother's self-proving will dated April 22, 2015; an affidavit by the attorney who prepared the will, Susan Sims; and an affidavit signed by Thomas.

According to the April 22, 2015 will, it was signed by the testator in the presence of two witnesses. In her affidavit, Sims affirms that she knew the testator "professionally since 1993" and that before she prepared the will, she interviewed the testator "to ascertain her testamentary intentions and desires." According to Sims, the testator expressed "her intention to revoke her prior will dated March 27, 2003" and provided "specific reasons to explain why she wanted to give everything to her son, Thomas Abbott, rather than to her daughter, Terry Abbott." Sims affirmed that in preparing the will, she "used language to reflect the exact instructions of" the testator. The affidavit states that "[a]t all times during the estate-planning interview and on the day of the will-signing," the testator "was clearly of sound mind and possessed testamentary capacity to execute her last will and testament." Before the testator executed the will, she "swore that she had read and understood the terms of her last will and testament, that she was over the age of eighteen, that it was her intention to revoke all prior wills and codicils and that it was her intention to create a new

last will and testament." Sims further affirmed that the witnesses present "swore that they were over the age of fourteen, that they believed the testatrix to be of sound mind, and that they knew they were witnessing Ms. Abbott's signing of her last will and testament." According to Sims's affidavit, Ms. Abbott then executed her will dated April 22, 2015 in the presence of Sims and "two competent disinterested witnesses." The affidavit further states that "Ms. Abbott's last will and testament was self-proved and executed with the formalities, solemnities required by law to make it a valid will, and no suspicious circumstances attended the signing of Ms. Abbott's will."

In his affidavit, Thomas affirmed that he had a "strong relationship" with his mother, "took care" of her, and "met her needs as she aged and as her health deteriorated." He further affirmed that before his mother passed away, she "modified one of her bank accounts to add [him] as a co-signor on the account." According to Thomas's affidavit, he did not misappropriate any of his mother's funds; he did not remove any funds except at his mother's "direct instruction"; and any funds expended by him were for his mother or for her benefit. He affirmed that all actions he took during the time he acted as his mother's caretaker "were taken in her best interest."

On September 18, 2017, the trial court set the hearing on Thomas's no-evidence and traditional motions for summary judgment for October 13, 2017 at 10:00 a.m. On October 10, 2017, Terry filed a pro se response to Thomas's no-evidence motion for summary judgment, but did not attach any evidence to her response.[1] On October 13, 2017, Thomas filed a motion to strike Terry's response, arguing that her response had not been timely served. Although Terry's response certified it had been served on Thomas on October 10, 2017, counsel for Thomas was not in fact

---

[1] At the time Terry filed her opposition to Thomas's application to probate their mother's will, Terry was represented by counsel. However, by the time Terry filed her response to Thomas's no-evidence and traditional motions for summary judgment, she was no longer represented by counsel and was proceeding pro se.

served until the late afternoon of October 12, 2017, which was untimely pursuant to Texas Rule of Civil Procedure 166a(c).

At 10:00 a.m. on October 13, 2017, the trial judge began the summary judgment hearing. Terry was not present. Thomas argued that her response should be struck because it was untimely served on him. The trial judge agreed and granted Thomas's motion to strike Terry's response. Terry then entered the courtroom. The trial judge noted on the record that Terry was late to the hearing. The trial judge informed Terry that he had just granted Thomas's motion to strike her response. Terry then attempted to introduce evidence in response to Thomas's motions for summary judgment, stating that she wanted the trial judge to take judicial notice of medical records and other documents relating to her mother. Thomas objected, explaining that Terry had not filed any evidence before the summary judgment hearing. The trial judge then explained to Terry that "the procedures in a motion for summary judgment require[d] that [her] responsive evidence be submitted in writing to the court in a written response because the actual hearing itself is not an evidentiary hearing." When Terry then repeatedly attempted to testify as to the facts over Thomas's objections, the trial judge granted Thomas's counsel "a running objection to any evidence that may be argued before the Court." The trial judge then granted Thomas's no-evidence and traditional motions for summary judgment. Terry appealed.[2]

## DISCUSSION

Terry first complains that the trial judge prevented her from presenting evidence at the summary judgment hearing. To defeat Thomas's no-evidence motion for summary judgment, Terry was required to have produced summary-judgment evidence raising a genuine issue of

---

[2] In her notice of appeal, Terry states her intent to appeal from the trial court's no-evidence summary judgment. Her notice of appeal makes no reference to the trial court's Final Summary Judgment that also granted Thomas's traditional motion for summary judgment.

material fact as to each of the challenged elements. *See* TEX. R. CIV. P. 166a(i); *Boerjan v. Rodriguez*, 436 S.W.3d 307, 310 (Tex. 2014). Her deadline for filing and serving such evidence was seven days before the summary judgment hearing unless she obtained leave of court. *See* TEX. R. CIV. P. 166a(c) (providing that "except on leave of court, the adverse party, not later than seven days prior to the date of the hearing may file and serve opposing affidavits or other written responses"); *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 745 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (explaining that respondent to no-evidence motion for summary judgment has until seven days before the hearing on the motion for summary judgment to file either a response to the motion "or a motion for leave to file the response out of time"). "A trial court may accept late-filed summary judgment evidence, but it must affirmatively indicate that it accepted or considered that evidence." *SP Terrace, LP v. Meritage Homes of Tex., LLC*, 334 S.W.3d 275, 281-82 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

In this case, Terry did not file and serve summary judgment evidence in response to Thomas's no-evidence and traditional motions for summary judgment. Nor did she seek leave of court to file and serve her summary judgment evidence untimely. Instead, she appeared late at the summary judgment hearing and attempted to introduce evidence as a party would in an evidentiary hearing. Although Terry was proceeding pro se at the summary judgment hearing, pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). Where, as here, a party files a no-evidence summary judgment motion complying with Texas Rule of Civil Procedure 166a(i),[3] "the trial court must grant summary judgment absent a timely and legally

---

[3]Although Terry does not complain on appeal about the sufficiency of Thomas's no-evidence motion for summary judgment, in reviewing the record, we note that Thomas's no-evidence motion for summary judgment complies with Texas Rule of Civil Procedure 166a(i) by identifying the elements of Terry's causes of action upon which she would have the burden of proof at trial that lack evidence. *See* TEX. R. CIV. P. 166a(i).

adequate response by the opposing party." *Cooper v. Litton Loan Servicing, LP*, 325 S.W.3d 766, 771 (Tex. App.—Dallas 2010, pet. denied). Because Terry failed to file a timely and legally adequate response to Thomas's no-evidence motion for summary judgment, the trial judge did not err in granting summary judgment in favor of Thomas. *See id.*

Second, Terry argues the trial judge erred in not exercising "his authority to postpone the summary hearing until at such time [her] substantial and preponderance of evidence could be formally presented to [the judge] and opposing counsel." She also seems to argue that she was not provided sufficient notice of the hearing or time to respond. The Texas Rules of Civil Procedure permit a trial court to continue a summary judgment hearing if the respondent shows sufficient cause. *See* TEX. R. CIV. P. 166a(g), 251, 252. Additionally, if "a party receives notice that is untimely, but sufficient to enable the party to attend the summary judgment hearing, the party must file a motion for continuance and/or raise the complaint of late notice in writing, supported by affidavit evidence, and raise the issue before the trial court during the summary judgment hearing." *May v. Nacogdoches Mem'l Hosp.*, 61 S.W.3d 623, 626 (Tex. App.—Tyler 2001, no pet.). "To hold otherwise would allow a party who participated in the hearing to lie behind the log until after the summary judgment is granted and then raise the complaint of late notice for the first time in a post-trial motion." *Id*. Here, Terry did not file a motion for continuance, and she did not raise the issue before the trial court. Thus, she has failed to preserve this issue for appellate review. *See* TEX. R. APP. P. 33.1.

We affirm the judgment of the trial court.

Karen Angelini, Justice