

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00297-CV
No. 07-23-00298-CV
No. 07-23-00299-CV
No. 07-23-00300-CV

---

THE STATE OF TEXAS, APPELLANT V. THREE THOUSAND, SEVEN HUNDRED SEVENTY-FOUR DOLLARS AND TWENTY-EIGHT CENTS U.S. CURRENCY ($ 3,774.28), APPELLEE

THE STATE OF TEXAS, APPELLANT V. TEN THOUSAND, ONE HUNDRED SEVENTY-SIX DOLLARS AND ONE CENTS U.S. CURRENCY ($ 10,176.01), APPELLEE

THE STATE OF TEXAS, APPELLANT V. THIRTY-THREE THOUSAND, THREE HUNDRED FORTY-NINE DOLLARS AND EIGHTY-SIX CENTS U.S. CURRENCY ($ 33,349.86), APPELLEE

THE STATE OF TEXAS, APPELLANT V. NINE THOUSAND, SIX HUNDRED NINETEEN DOLLARS U.S. CURRENCY ($ 9,619.00), APPELLEE

---

On Appeal from the 47th District Court
Potter County, Texas
Trial Court Nos. 110370-A-CV, 110373-A-CV, 110375-A-CV, 110374-A-CV,
Honorable Dee Johnson, Presiding

---

January 30, 2024

OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

"Let's make it as difficult as possible for the court to give you what you want," said no one ever. In responding to a no-evidence motion for summary judgment, the State filed a four-page response with: (1) no attachments, exhibits, or evidence; and (2) generally summarized statements in a forty-four-page affidavit it had attached to its petition, without specifically referring to any page numbers, sections, or paragraphs in the affidavit. The trial court did not consider the earlier filed affidavit in ruling on the no-evidence motion for summary judgment, and the motion was granted.[1] The State now appeals arguing the trial court erred in granting the summary judgment because: (1) the no-evidence motion was "too conclusory"; (2) the motion did not specifically point out the elements of the cause of action for which the State did not have evidence; (3) the trial court incorrectly determined an affidavit attached to its original petition could not be considered as evidence; and (4) the response of the State provided more than a scintilla of evidence in support of its cause of action by referencing the affidavit. We affirm.

## BACKGROUND

Because this appeal arises out of a summary judgment, the context of the procedural background is relevant to the determination of the issues. The claimants, Oljine Noguez and Manuel Zepeda Mendoza, were investigated for allegedly trafficking an opioid called "Tramadol." After concluding the investigation, the State seized money in their bank accounts and cash as "contraband" under Chapter 59 of the Texas Code of

---

[1]This is an appeal from four separate civil forfeiture proceedings. For the sake of judicial economy, we have consolidated the appeals of the State because, but for the differing amounts of the money seized from different bank accounts, the cases are otherwise identical with regard to the facts, the pleadings, and the parties.

Criminal Procedure.  The State filed four separate civil forfeiture lawsuits for each sum of money seized.

During the pendency of trial, the claimants filed a no-evidence motion for summary judgment and set it for hearing by submission. The State timely filed a response over a month before the submission date.  A week before the submission deadline, the claimant's filed a reply in which they pointed out the State's failure to attach any evidence to its response and argued the recitations in the response were not competent evidence. On the submission date, the trial court entered the following docket entry: "[Claimants'] MSJ considered on submission.  Granted[.]"

The State then filed a motion for leave to file a response to the claimants' reply four days after the submission date.  With its motion for leave, the State also filed a copy of their drafted response to the claimants' reply.  It was in this draft the State attached, for the first time, a copy of the affidavit, including specific citations to where evidence summarized in the response could be found.  After extensive responses and briefing, the trial court held a hearing on the motion for leave a month later.  After considering the arguments of counsel, the trial court denied the State's motion.

Four days after the hearing on the motion for leave, the trial court rendered its order granting the no-evidence motion, but with a signature dated the same day as the submission date.  This initial order stated the trial court considered "the affidavits, the arguments of counsel, and other evidence on file[.]"  However, because the trial court did not, in fact, consider the affidavit "on file," a week later it amended its order to remove this

language and to reflect the judgment of the court was rendered on the submission date.[2] The State's appeal followed.

## STANDARD OF REVIEW

We review the rendition of summary judgments de novo. *Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017). But we review a trial court's decision not to consider evidence under an abuse of discretion standard. *See Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). A trial court abuses its discretion when it acts without regard for guiding rules or principles. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012).

Under a no-evidence motion for summary judgment, the movant is required to identify the specific element of each of the nonmovant's causes of action for which there is no evidence. TEX. R. CIV. P. 166a(i). Once the movant identifies the elements lacking evidence, the burden shifts to the nonmovant to produce more than a scintilla of evidence in support of each such cause of action to survive summary judgment. *Id.*; *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021) (citations omitted).

---

[2] The State filed a motion to modify the initial judgment urging the court to remove the reference to "the affidavits" and "other evidence on file" due to the fact the trial court did not consider the affidavit on file in ruling on the no-evidence motion. However, we do not find where the trial court ruled on this motion, and, instead, the trial court, apparently sua sponte, amended its order to reflect it did not consider the affidavit evidence on file.

**ANALYSIS**

**ISSUES ONE AND TWO—SUFFICIENCY OF THE MOTION**

In its first issue, the State contends the claimants did not sufficiently specify the element of the cause of action for which there is no evidence. By its second issue, the State contends the claimants' motion did not address all bases for recovery, and therefore was insufficient to fully dispose of the claim. The State, proceeding under Chapter 59, has but one cause of action in this matter: the civil forfeiture of property alleged to be "contraband." In a civil forfeiture proceeding, the State is required to prove two elements: (1) the property in question is "contraband" subject to forfeiture; and (2) probable cause existed for seizure of the property. *State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 293 (Tex. 2013). The State urges the claimants' motion failed to specifically identify the elements of the State's cause of action lacking evidence. Under rule 166a(i) of the Texas Rules of Civil Procedure, a movant must challenge the evidentiary support for each specific element of a claim or defense and is not permitted to make a conclusory or general challenge to the nonmovant's evidence. *Timpte Indus. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The claimants alleged the following in their motion:[3]

> There is no evidence of one or more of the elements for a civil forfeiture case, on which the State has the burden of proof at trial: that the property was used in a manner as described in Paragraph VIII of Plaintiff's Original Notice of Seizure and Intended Forfeiture; and, that the property is contraband as defined by [the] Texas Code of Criminal Procedure.

---

[3]The claimants also specifically alleged the State did not have evidence supporting its specific allegation the property was "used or intended to be used . . . in the commission of a felony under the Tex[as] Health & Safety Code Chapter 481." Because the State's ultimate burden to prove the money seized is "contraband" is dispositive, we do not address this specific argument. TEX. R. APP. P. 47.1.

The State complains the recitation "[t]here is no evidence of one or more of the elements" makes the motion general or conclusory on its face. We disagree. The claimants plainly specified in their motion the State lacked evidence proving the money seized was in fact "contraband," which is one of the two elements the State is required to prove. This is a clear articulation of a specific element for which the claimants argue the State lacked evidence. The claimants' motion is not conclusory and is sufficient to dispose of the State's claim. We overrule issues one and two.

**ISSUES THREE AND FOUR—CONSIDERATION OF THE AFFIDAVIT ATTACHED TO PLEADINGS**

The State's third and fourth issues argue the affidavit attached to its original petition should have been considered by the trial court and provides more than a scintilla of evidence the money seized was "contraband." The State urges the reference to the affidavit "on file" in its response to the no-evidence motion was enough to fulfill its burden to produce evidence raising a genuine issue of material fact. We disagree.

*Trial Court's Comments on the Affidavit*

The State points out, at the hearing on the State's motion for leave to file a surresponse, the trial court stated:

> I think it's a strong affidavit . . . . And I'm here to tell you that if you had done it right procedurally, and that affidavit had been properly attached, this motion wouldn't be granted. For sure. Because I think it's—it would definitely be enough to raise an issue of material fact.

The State argues the trial court's comments demonstrate the affidavit was considered by the trial court, and because the trial court found the affidavit sufficient to raise an issue of material fact, the trial court erred in granting the claimants' motion for

summary judgment. The State is mistaken in its reliance on the trial court's comments. The judgment and the docket sheet entry demonstrate the trial court's judgment was rendered on the submission date of the no-evidence motion for summary judgment.[4] *Henry v. Cullum Cos.*, 891 S.W.2d 789, 792–93 (Tex. App.—Amarillo 1995, writ denied); *accord Cadles of Grassy Meadow, II, LLC v. Herbert*, No. 07-09-00190-CV, 2010 Tex. App. LEXIS 3147, at *10–11 (Tex. App.—Amarillo Apr. 27, 2010, no pet.) (mem. op.) (docket sheet is evidence of when judgment rendered if not contradicted by written order). The hearing in which the trial court commented on the affidavit took place nearly a month after the trial court had already ruled on the motion. In addition, the affidavit was finally attached to the motion for leave to file the surresponse, complete with page references to the affidavit, and it was only natural for the trial court to read the affidavit in preparation for the hearing. This is supported by the fact nothing appears in the record, and the State does not refer us to any item, which indicates the trial court read the affidavit at the time it granted the summary judgment. The trial court emphasized to the State at the motion for leave hearing:

> But the fact that it's on file somewhere in the Court's file, based on my understanding of summary judgment law, isn't enough. It needs to be attached, and it wasn't. And that's what I was looking for . . . .

The State only attached the affidavit to its motion for leave, *after* the submission date on the no-evidence motion and *after* the trial court had already ruled on the motion. Moreover, the motion for leave was subsequently denied. When nothing appears of record to indicate that the late filing of the written response was with leave of court, it must

---

[4] The trial court also orally acknowledged the submission date was the date when it decided to grant the motion.

7

be presumed the trial court did not consider the response. *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 259 (Tex. 2020) (citing *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996)) (quotations omitted); *accord Walker v. Hansford*, No. 07-20-00229-CV, 2021 Tex. App. LEXIS 8562, at *8–9 (Tex. App.—Amarillo Oct. 21, 2021, no pet.) (mem. op.). Moreover, the trial court amended its order to reflect it did not consider the affidavit.

### Consideration of Evidence "On File" under Rule 166a(i)

Despite being "too little, too late" in attaching the affidavit in question *after* the submission date, the State insists the trial court should have considered the "on file" evidence at the time of submission. It cites *Lance v. Robinson*, 543 S.W.3d 723, 731–34 (Tex. 2018), in support of its proposition the affidavit "on file" was properly before the trial court. *Lance* involved a title dispute in which copies of the deeds relied upon by the summary judgment movant were attached to prior motions and filings but were not attached to the motion itself. The Texas Supreme Court held evidence which is "on file" in the court's record is competent evidence for summary judgment purposes under rule 166a(c) of the Texas Rules of Civil Procedure. *Id.* However, *Lance* involved only a traditional motion for summary judgment, and the holding of *Lance* is inapplicable to a no-evidence motion for summary judgment, which is governed by rule 166a(i). *See Hobson v. Francis*, No. 02-18-00180-CV, 2019 Tex. App. LEXIS 5412, at *11 n.7 (Tex. App.—Fort Worth June 27, 2019, no pet.) (mem. op.) (citing *De La Garza v. Bank of N.Y. Mellon*, No. 02-17-00427-CV, 2018 Tex. App. LEXIS 8970, at *7 n.4 (Tex. App.—Fort Worth Nov. 1,

2018, no pet.) (mem. op.)).[5] The parties cite no authority, and we have found none, which performed any analysis of whether the "on file" evidentiary rules of 166a(c) have been incorporated into 166a(i).

The State nonetheless argues "on file" evidence under 166a(c) is necessarily read into 166a(i). Because 166a(i) does not have any language regarding the deadlines for filing and because the deadlines from 166a(c) supplement those missing elements in 166a(i), the State argues, what qualifies as "evidence" must also be read into 166a(i). However, the State does not cite any authority which imputes the "on file" evidentiary qualification into 166a(i), which is at issue here. Nonetheless, under rules of construction, our interpretation of rule 166a(i) does not allow "on file" evidence under 166a(c) to meet the nonmovant's burden to "[produce] summary judgment evidence" under 166a(i).

Interpretation of a procedural rule is a question of law which we review de novo by applying the same canons of construction applicable to statutes. *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 155 (Tex. 2015) (citing *Morris v. Aguilar*, 369 S.W.3d 168, 171 n.4 (Tex. 2012)). When a rule of procedure is clear and unambiguous, we construe the rule's language according to its plain or literal meaning. *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 437 (Tex. 2007). Only when those words are ambiguous do we "resort to rules of construction or extrinsic aids." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009) (quoting *In re Estate of Nash*, 220 S.W.3d 914, 917 (Tex. 2007)). We look at the entire rule to determine its meaning, and we presume each

---

[5] The State disagrees with the analysis of the Second Court of Appeals and calls its analysis dicta, but the Second Court of Appeals has reasserted its position on this matter. For the reasons stated in our analysis, we agree with the Second Court of Appeals.

9

part of the rule is intended to be effective. *See Randol Mill Pharmacy v. Miller*, 465 S.W.3d 612, 617 (Tex. 2015) (citations omitted). We may not interpret the rule in such a manner to render any part of it meaningless. *Id.* Specific provisions control over general provisions. *Sultan v. Mathew*, 178 S.W.3d 747, 751 (Tex. 2005) (citing *Columbia Hosp. Corp. v. Moore*, 92 S.W.3d 470, 473 (Tex. 2002)).

Here, the "on file" language in rule 166a(c) appears as follows:

> *The judgment sought shall be rendered* forthwith if . . . (ii) the [evidence] on file . . . show[s] that . . . there is no genuine issue as to any material fact and the *moving party is entitled to judgment as a matter of law*[.]

TEX. R. CIV. P. 166a(c) (emphasis added).

This clause in 166a(c), clearly defines the standard under which the trial court will grant a traditional motion for summary judgment. The "on file" evidence under the above standard must be considered by the trial court before granting a summary judgment in favor of the movant, and it is the movant's burden to show there is no genuine issue of material fact in the record. The burden stays with the movant in a traditional summary judgment, and the movant's entitlement to judgment cannot be established by default and there is no requirement for the nonmovant to respond. *See Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 512 (Tex. 2014)*; Weekley Homes v. Paniagua*, 646 S.W.3d 821, 826 (Tex. 2022).

By contrast, the summary judgment standard of rule 166a(i) states:

> The court must grant the motion *unless the respondent produces summary judgment evidence* raising a genuine issue of material fact.

TEX. R. CIV. P. 166a(i) (emphasis added). Unlike rule 166a(c), 166a(i) explicitly places the burden on the nonmovant to produce evidence to the trial court in order to resist a no-evidence summary judgment. A trial court has no discretion under 166a(i) but to grant the summary judgment if the nonmovant fails to produce summary judgment evidence. As a result, unlike in a traditional summary judgment proceeding, a failure to respond to a no-evidence motion can result in a "default" judgment against the nonmovant.[6]

Even if the movant produces evidence which may raise a fact issue, such as in the context of a hybrid motion, the nonmovant's burden to produce evidence is not relieved. This is the case, because, as the Second Court of Appeals has explained, relieving the nonmovant of the burden would render hybrid motions meaningless:

> The summary judgment rule puts the burden on the nonmovant to point out evidence to defeat a no-evidence summary judgment, not on the trial court. Although it appears to be a triumph of procedure over substance, we cannot create a rule that the trial court disposing of a combined motion has a duty to look at the traditional summary judgment evidence to see if it defeats the movant's right to no-evidence summary judgment when the rules of procedure place the burden on the nonmovant to produce evidence. If we created such a rule, it would conflict with the Supreme Court's holding that parties may file combined motions. A party moving for both traditional and no-evidence summary judgment would be compelled out of an abundance of caution to abandon the practice of filing combined motions. Instead, the party would have to first file a no[-]evidence motion, wait for the trial court to rule on it, and, if the court denies the motion, only then file a traditional summary judgment motion.

*Dyer v. Accredited Home Lenders, Inc.*, No. 02-11-00046-CV, 2012 Tex. App. LEXIS 877, at *9 (Tex. App.—Fort Worth Feb. 2, 2012, pet. denied) (mem. op.) (footnotes omitted).

---

[6] *See Cooper v. Litton Loan Serv., LP*, 325 S.W.3d 766, 771 (Tex. App.—Dallas 2010, pet. denied); *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ("Before the advent of rule 166a(i), it was well settled that summary judgment could not be rendered based on the default of the opposing party.").

11

If the attachment of evidence to the movant's hybrid summary judgment motion does not relieve the nonmovant from producing evidence, then it logically follows "on file" evidence in a purely no-evidence motion for summary judgment does not relieve the nonmovant's evidentiary burden. To hold otherwise would be to vitiate the rule's plain and ordinary language requiring that the nonmovant "produces summary judgment evidence" in order to defeat the motion. TEX. R. CIV. P. 166a(i). In order to "produce[] summary judgment evidence," the nonmovant must do more than passively refer to other items "on file"; it must necessarily commit an affirmative act of presenting evidence to the trial court for consideration contemporaneously with its response. Thus, it is imperative for the nonmovant to not only respond to the motion, but to attach the evidence which demonstrates a material fact issue for each element of each cause of action attacked. Here, the State's failure to attach evidence to its motion was procedurally fatal to its ability to resist the claimants' motion, and the trial court did not err in refusing to consider the affidavit evidence.

### *Failure to Specifically Point to the Evidence*

Even assuming, *arguendo*, the affidavit "on file" was properly before the trial court, the State still did not meet its burden because it failed to specifically identify the parts of the affidavit constituting its evidence. As the State concedes, in a no-evidence summary judgment proceeding, it is the nonmovant's burden to direct the court to the specific portion of its evidence which raises a fact issue, and the court is not required to search the record to find the evidence supporting the nonmovant's claims. *See Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 81 (Tex. 1989); *BP Am. Prod. Co. v. Zaffirini*, 419 S.W.3d 485, 512–13 (Tex. App.—San Antonio 2013, pet. denied); *West v. Hamilton*, No. 07-07-

12

00235-CV, 2008 Tex. App. LEXIS 7694, at *7–8 (Tex. App.—Amarillo Oct. 9, 2008, no pet.) (mem. op.).

Here, the State's affidavit evidence is over forty pages long without numbered paragraphs or section headers. Albeit detailed, it is a running narrative of the arresting officer's investigation related to the seizure. The State's response to the motion only recited in summary some of the purportedly relevant passages of the affidavit—no direct quotations from the affidavit and no specific references to the page numbers on which the summarized evidence appeared. The nonmovant must do more than merely itemize the evidence and then offer general conclusions that the itemized evidence conclusively establishes each element of the nonmovant's claims. *De La Cruz v. Alan Kailer & Hunton & Williams, LLP*, 526 S.W.3d 588, 595 (Tex. App.—Dallas 2017, pet. denied) (citing *Chambers v. Allstate Ins. Co.*, No. 05-15-01076-CV, 2016 Tex. App. LEXIS 6222, at *13 (Tex. App.—Dallas June 9, 2016, pet. denied) (mem. op.)). Also, pleadings are not generally considered competent summary judgment evidence, even if sworn or verified, and a nonmovant cannot rely on its own pleadings in opposing a summary judgment motion. *Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971); *Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 819 (Tex. 2021). The State's recitation of the contents of the affidavit did not constitute evidence, and the State effectively had no evidence before the court to meet its burden under rule 166a(i).

Because the State failed to timely direct the trial court to the specific evidence supporting its forfeiture claim, it failed to provide more than a scintilla of evidence of one of the essential elements of its claim. Issues three and four are overruled.

### CONCLUSION

We hold the trial court properly granted no-evidence summary judgments in favor

of the claimants.  The trial court's judgments are affirmed.


Alex Yarbrough
Justice

14